Malkiat Singh PADDA, Petitioner,

v.

Peter D. KEISLER,* Acting Attorney General, Respondent.

No. 04–71764.

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 18, 2007.**

Filed Oct. 22, 2007.

Hector M. Roman, Jackson Heights, NY, for Petitioner.

---

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Regional Counsel, Western Region Immigration & Naturalization Service, Laguna Niguel, CA, Luis E. Perez, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: ALARCÓN and TALLMAN, Circuit Judges, and DUFFY ***, Senior Judge.

### MEMORANDUM ****

Malkiat Singh Padda, a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") affirmance of an Immigration Judge's ("IJ") denial of his applications for asylum, withholding of removal, and for relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review the BIA's decision for substantial evidence and may reverse only if the evidence compels such a result. *INS v. Elias–Zacarias*, 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992). We deny the petition for review.

Substantial evidence supports the BIA's determination that petitioner failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. Petitioner's 1991 five-hour detention fails to rise to the level of persecution. *See Al–Saher v. INS*, 268 F.3d 1143, 1146 (9th Cir.2001) (five to six-day detention without abuse or threats did not constitute persecution); *see also Mendez–Efrain v. INS*, 813 F.2d 279, 283 (9th Cir.1987) (four-day detention, without more, did not constitute persecution). Be-

cause the government began an investigation into his 2000 arrest, petitioner fails to show that his persecutors were individuals that the government was unable or unwilling to control. *See Nahrvani v. Gonzales*, 399 F.3d 1148, 1153–54 (9th Cir.2005). Finally, petitioner fails to show that the 2001 incident occurred on account of an enumerated ground. *See Elias–Zacarias*, 502 U.S. at 482–83, 112 S.Ct. 812.

Because petitioner failed to establish eligibility for asylum, it follows that he failed to establish eligibility for withholding of removal. *See Alvarez–Santos v. INS*, 332 F.3d 1245, 1255 (9th Cir.2003).

Petitioner also fails to establish a CAT claim because he did not show that it was more likely than not that he would be tortured if he was returned to India. *See Kamalthas v. INS*, 251 F.3d 1279, 1283 (9th Cir.2001).

### PETITION FOR REVIEW DENIED.

*** The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

**** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.